# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD DUPELL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 20-296 |
| ANDREW SAUL, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

**Timothy R. Rice**                                                                                                         **September 23, 2020**
**U.S. Magistrate Judge**

      Plaintiff Richard Dupell alleges the Administrative Law Judge (ALJ) erred by: (1) hearing his case without a constitutionally valid appointment; (2) discounting the opinions of his treating providers without substantial supporting evidence; (3) relying on vocational expert (VE) testimony that failed to incorporate all credibly-established limitations; and (4) improperly applying the Grid Rules.[1]  Pl. Br. (doc. 15) at 6, 9, 14, 16.  For the reasons explained below, I deny Dupell's claims.

      Dupell first applied for Disability Insurance Benefits (DIB) in July 2016, less than six months before his date last insured (DLI) on December 31, 2016.  R. at 238.  The DLI is the last date on which, if a claimant has become fully disabled by the applicable regulatory standards, he or she qualifies for DIB benefits.[2]  20 C.F.R. § 404.131, Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990).  In September 2018, Dupell testified that he was unable to work due primarily to

---

[1]     The Medical-Vocational Rules, or Grid Rules, direct a finding of "disabled" or "not disabled" if the medical and vocational facts of the case perfectly align with the grid criteria.  See 20 C.F.R. Part 404, Subpart P, Appendix 2, 200.00(a); Sykes v. Apfel, 228 F.3d 259, 263 (3d Cir. 2000).

[2]     This requirement distinguishes the DIB and Supplemental Security Insurance (SSI) programs, since SSI is still available to eligible claimants whose DIB DLI has passed.  Kushner v. Comm'r Soc. Sec., 765 F. App'x 825, 827 (3d Cir. 2019).

back and related leg pain. R. at 177. He attributed his limitations to injuries sustained in a 2012 accident and 2014 attack. Id. at 179. Dupell testified that he began treatment for his back pain in 2016, id. at 179, and that during that time period he could lift 25-30 pounds, id. at 182, cut his lawn, grow vegetables, can tomato sauce, id. at 183, and manage his diabetes, id. at 185. Although I will address each of Dupell's arguments below, the ALJ did not describe Dupell's functioning at the time of the hearing or decision because it was then two years after Dupell's DLI. Id. at 238. She noted that, although "[l]ater records support a finding that [Dupell] became more limited," his treatment during the relevant time period "was primarily for diabetes with minimal findings on musculoskeletal, psychological, and neurological examinations." Id. at 30. As explained below, her opinion provided substantial evidence to deny his claim based on evidence of his functioning as of the DLI.

1. Lucia

Before his ALJ hearing in September 2018, Dupell had another ALJ proceeding in May 2018. Dupell argues these proceedings violated his right to a hearing before a constitutionally-appointed ALJ guaranteed by Lucia v. SEC, 138 S. Ct. 2044 (2018). He claims "[i]t is beyond dispute that Plaintiff did not receive the hearing before a valid ALJ which he is guaranteed by the Social Security Act." Pl. Br. (doc. 16) at 8 (citing 42 U.S.C. § 405(b)(1)). He further argues that, because the remedy for an unconstitutionally appointed ALJ proceeding is another proceeding before a different, constitutionally appointed ALJ, the second proceeding could not have remedied the constitutional violation caused by the first. Pl. Br. at 8-9.

The May 2018 proceedings, however, were not "the hearing" guaranteed by the statute. 42 U.S.C. § 405(b)(1). That hearing took place on September 11, 2018, R. at 169, well after the Social Security ALJ was constitutionally appointed on July 16, 2018, Social Security Emergency

Message (EM) 18003 REV 2, § B.  The main function of the May 31, 2018 proceeding was setting the date for the hearing, and Dupell was also informed of his right to counsel and the process for obtaining medical records, the same administrative information that is regularly provided to claimants in writing.  See R. at 223 (scheduling the hearing for September 2018 to allow Dupell to retain counsel); see also 20 C.F.R. § 404.936(f)(2)(i) (authorizing ALJs to change the date of hearings for claimants who wish to retain counsel).  Because the ALJ functioned as an ALJ only during the September 2018 hearing, Dupell's Lucia rights were not violated.

  2. Medical Opinions

Dupell argues the ALJ did not have substantial evidence to discount the opinion of his treating providers.  Pl. Br. at 9.  In August 2018, the physician assistant (PA) in the office of Dupell's treating primary care provider opined that Dupell was capable of less than sedentary work.  R. at 1008-10.  The following month, Dupell's primary care physician concurred with the PA's assessment, further noting that Dupell had been so limited in December 2016, before his DLI.  Id. at 1011.

The ALJ explained she discounted the opinion's accuracy as of December 2016 because it was inconsistent with the treatment records, Dupell's function reports, and Dupell's testimony regarding his activities of daily living at that time.  Id. at 31.  The ALJ described the treatment records as showing appointments focused on diabetes checks throughout 2016 and into 2017.  Id. She pointed out that, although Dupell complained of back pain, his examinations showed only a restricted range of motion, tenderness, and positive straight-leg tests.  Id.  She noted his musculoskeletal examinations were otherwise "unremarkable" and his respiratory, psychological, neck, and neurological examinations were also "unremarkable."  Id.  The ALJ concluded these

minimal findings were inconsistent with a less than sedentary functional capacity. Id. If her summary is accurate, the ALJ provided substantial evidence to support discounting the medical opinions. Hock v. Comm'r Soc. Sec., 646 F. App'x 171, 173-74 (3d Cir. 2016) (affirming ALJ opinion that discounted opinion of treating physicians based on claimant's activities).

Dupell contends the ALJ misrepresented the treatment records. He argues the ALJ overlooked examination findings by his pain management physician and significant findings from a February 2016 MRI. Pl. Br. at 12-13 (citing R. at 567 (MRI scan)). I conclude that, although Dupell accurately identified several specific findings the ALJ failed to reiterate in her opinion, the ALJ nonetheless fairly summarized the treatment record in her opinion and I cannot re-weigh the evidence in the claimant's favor. Louis v. Comm'r Soc. Sec., 808 F. App'x 114, 116 (3d Cir. 2020).

With respect to the MRI, Dupell recites its findings and contends it supports a less than sedentary RFC. Pl. Br. at 12. The ALJ, however, acknowledged each of those findings except for a "posterior annular tear." Id. at 13 (citing R. at 567). This allegedly missing finding is found in the section of the MRI report detailing the scan's minutiae. R. at 567. It is not included in the conclusory, "impressions" section of the MRI report. Id. Dupell argues the ALJ relied on her own lay opinion over the expertise of the medical sources, but this record shows the medical source itself found the tear insufficiently important to include in the summary of significant findings. Pl. Br. at 14; R. at 567. The ALJ did not err by excluding the tear from her summary. Sutherland v. Comm'r Soc. Sec., 785 F. App'x 921, 928 (3d Cir. 2019) ("we do not expect the ALJ to make reference to every relevant treatment note") (citing Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001)).

With respect to the findings by the pain management physician, Dupell argues the findings support the less than sedentary RFC and notes that they included positive straight leg tests, decreased sensation and strength in the right lower extremity, and restricted range of motion and tenderness in the lower back.  Pl. Br. at 12.  The ALJ acknowledged Dupell's: (1) complaints of back pain; (2) lower back tenderness and restricted range of motion; and (3) positive straight leg raising tests, but failed to note the findings of reduced sensation and strength in the right lower extremity.  R. at 31; see also id. at 846, 856, 861, 864, 868.

Because the reductions in strength are specifically described as "mild" and there are no findings of numbness, however, these omissions are simply too minor to justify remand.  The ALJ accurately cited findings from the same examinations at which these observations were made.  Id. at 31.  There is therefore no question whether this evidence was "not credited or ignored," Cotter v. Harris, 642 F.2d 700, 705 (3d Cir.1981), but rather whether it was fair to describe it as "unremarkable," R. at 31.  Because findings of a "mild" reduction in strength and reduced sensation in Dupell's right leg cannot justify the medical opinion that Dupell was capable of less than sedentary work, the ALJ's description of them as "unremarkable" does not justify remand.[3]  See Nelson v. Comm'r of Soc. Sec., 101 F. App'x 884, 886–87 (3d Cir. 2004) (defining "unremarkable" examinations as "revealing no significant findings").

Dupell disputes the ALJ's decision to assign "no weight whatsoever" to the opinion of the treating physician opinion, but that inaccurately describes the opinion's treatment.  In fact, the ALJ discounted the opinion only "as to the claimant's condition prior to the date last insured."  R. at 31.  The directions on the three-page form filled out by Dupell's PA in August

---

[3]   Dupell also notes the treatment record showing that "prolonged activity" exacerbated his pain. Pl. Br. at 12 (citing R. at 853).  That same note, however, also documented his report that he was getting relief from his spinal injections.  R. at 853.

5

2018 request "medical findings" to support the exertional limitations, but the PA included only diagnoses. Id. at 1008. She included supportive findings for the environmental limitations and those limitations were incorporated into the ALJ's RFC. Compare id. at 1009 ("Medications affect judgment," "Breathing affected by environmental factors") with id. at 26 (RFC limiting Dupell to no more than occasional exposure to extreme temperatures and humidity and no exposure to hazards). Dupell's treating physician filled out a separate one-page form in September 2018. Id. at 1011. That form contained two yes-or-no questions, and Dupell's physician acknowledged that "yes" he agreed with the assessment and "yes" he believed the limitations existed as of December 31, 2016. Id. He provided no explanation for either assertion. Id. The ALJ sufficiently explained that she gave this opinion "no weight" as to Dupell's condition in December 2016 because it was inconsistent with the unremarkable examination findings, Dupell's own reports, testimony, and treatment records. Id. at 31; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (Substantial evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").

   3. VE Questions

Dupell also argues the ALJ erred by failing to include all credibly-established limitations in her hypothetical questions to the VE. Pl. Br. at 14-16. He concedes, however, that this argument is "the same" as his argument that the treating source opinion should have been given more weight. Reply (doc. 20) at 8. As explained above, the ALJ provided substantial evidence to support discounting the opinion. She thereby also provided substantial evidence to support excluding the opinion's limitations from the hypothetical she posed to the VE. See Seney v. Comm'r Soc. Sec., 585 F. App'x 805, 809 (3d Cir. 2014) (finding hypothetical included all

6

credibly established limitations because medical opinion recommending additional limitations had been discounted based on substantial evidence).

4. <u>Grid Rules</u>

Finally, Dupell argues the ALJ erred by mechanically applying the Grid Rules. Pl. Br. at 16. To find Dupell was not disabled as of his DLI, the ALJ reasoned that, if he could have performed the full scope of "light" work, a finding of "not disabled" would have been required by the Grids, but that VE testimony was necessary because the scope of work he could perform was eroded by additional limitations. R. at 32. She based her conclusion that he was not disabled on that VE testimony. <u>Id.</u>

According to Dupell, the ALJ erred by using the wrong age category and starting with the wrong occupational base. Pl. Br. at 16-20; Reply at 8-10. The ALJ conceded that Dupell changed from the "younger individual" age category to the "closely approaching advanced age" category after his DLI. R. at 31. Dupell contends that, because he was less than six months from the next age category at his DLI, the ALJ erred by not considering whether to apply the older category. Pl. Br. at 16.

With a light occupational base, however, a finding of "not disabled" would have been directed even using the "closely approaching advanced age" category. Grid Rule 202.14. Therefore, Dupell's argument also rests on his contention that the light occupational base was so significantly eroded by his RFC that it was "little more than" the sedentary occupational base and that the ALJ should have started her analysis from the sedentary occupational base. Reply at 9 (citing SSR 83-12, 1983 WL 31253 (SSA 1983)). The Grid Rules direct a finding of "disabled" for a claimant in the "closely approaching advanced age" with a sedentary RFC. Grid Rule 201.14.

The authority Dupell cites, however, states that, when it appears one occupational base may be so significantly eroded that it is "little more than" the occupational base one step lower, the ALJ should consult a VE, not simply adopt the lower occupational base. SSR 83-12, 1983 WL 31253, at *3 § 2(c). The ALJ followed this guidance and relied on the VE testimony to find Dupell not disabled. R. at 32. Because the ALJ did not err by relying on VE testimony, any error in her application of the guidelines regarding Dupell's age was harmless. See Woodson v. Comm'r Soc. Sec., 661 F. App'x 762, 764 (3d Cir. 2016).

An appropriate Order accompanies this Opinion.